IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE BLAIR,

       Plaintiff,                 CV F 06 1320 LJO WMW PC

       vs.                   ORDER DISMISSING COMPLAINT
                                   WITH LEAVE TO
                                   FILE AN AMENDED COMPLAINT

DR. YOUSEF, et al.,

       Defendant.

Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Kern Valley State Prison, brings this civil rights action against defendants Chief Medical Officer Yousef and Appeals Coordinator Hoops, employees of the CDCR at Kern Valley State Prison.

Plaintiff's  claims in this complaint is that he was denied a request for a medical transfer. Plaintiff alleges that he filed an appeal regarding that denial, and "the prison simply won't answer" his grievance.  Plaintiff seeks a transfer to the California Men's Colony "as requested by several Drs."

1        To warrant relief under the Civil Rights Act, a plaintiff must allege and show that

2   defendant's acts or omissions caused the deprivation of his constitutionally protected rights.  Leer

3   v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).    In order to state a claim under § 1983, a

4   plaintiff must allege that: (1) a person was acting under color of state law at the time the

5   complained of act was committed; and (2) that person's conduct deprived plaintiff of rights,

6   privileges or immunities secured by the Constitution or laws of the United States.  Paratt

7   v.Taylor, 451 U.S. 527, 535 (1981).

8        The statute plainly requires that there be an actual connection or link between the actions

9   of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

10  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The

11  Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional

12  right, within the meaning of section 1983, if he does an affirmative act, participates in another's

13  affirmative acts or omits to perform an act which he is legally required to do that causes the

14  deprivation of which the complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

15  1978).

16        As to any medical claim, Under the Eighth Amendment, the government has an

17  obligation to provide medical care to those who are incarcerated.  See Lopez v. Smith, 203 F.3d

18  1122, 1131 (9th Cir. 2000).  "In order to violate the Eighth Amendment proscription against cruel

19  and unusual punishment, there must be a 'deliberate indifference to serious medical needs of

20  prisoners.'"  Id.  (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)).  Lopez takes a two-prong

21  approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate

22  indifference."  First, a court must examine whether the plaintiff's medical needs were serious.

23  See Id.  Second, a court must determine whether "officials intentionally interfered with [the

24  plaintiff's] medical treatment."  Id. at 1132.  Here, Plaintiff has failed to allege any facts

25  indicating that either of the named defendants knew of and disregarded a serious risk to

26

Plaintiff's health, resulting in injury to Plaintiff.  This claim must therefore be dismissed.

As to Plaintiff's claim regarding the appeals process, Plaintiff does not have a liberty interest protectible under the Fourteenth Amendment's due process clause to have inmate grievance forms properly processed by corrections employees.  Sandin v. Conner, 515 U.S. 472, 484 (1995)(protected liberty interests generally arise from restraints that impose atypical and significant hardships); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993)(prisoner does not have a Fourteenth Amendment liberty interest implicated in the processing of inmate grievance forms).

The court finds the allegations in plaintiff's complaint vague and conclusory.   The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's complaint is dismissed; and

2.  Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:    **March 25, 2008**              **/s/  William M. Wunderlich**
                                          UNITED STATES MAGISTRATE JUDGE